McGREGOR W. SCOTT
United States Attorney
VINCENZA RABENN
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>ARTEMIO AVILA<br>MIGUEL VILLA VALLE,<br><br>  Defendant. | CASE NO. 1:18-CR-00156-DAD-BAM<br><br>STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; FINDINGS AND ORDER<br><br>DATE: May 26, 2020<br>TIME: 10 a.m.<br>COURT: Hon. Dale A. Drozd |

    This case was set for a change of plea on April 13, 2020. On March 17, 2020, this Court issued General Order 611, which suspends all jury trials in the Eastern District of California scheduled to commence before May 1, 2020. This General Order was entered to address public health concerns related to COVID-19.

    Although the General Order addresses the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id.* at 507. And moreover, any such failure cannot be harmless. *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering and ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

1

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—the General Order requires specific supplementation. Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

The General Order excludes delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code T4). Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances. For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption. *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981). The court recognized that the eruption made it impossible for the trial to proceed. *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency). The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

In light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4). If continued, this Court should designate a new date for the [event]. *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

## STIPULATION

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1. By previous order, this matter was set for a hearing on April 13, 2020.

2.      By previous order, the April 13, 2020 date was vacated and continued to May 26, 2020 at 10:00 a.m.

3.      By this stipulation, defendant now moves to continue the changes of plea until June 23, 2020, and to exclude time between April 13, 2020, and June 23, 2020, under Local Code T4.

4.      The parties agree and stipulate, and request that the Court find the following:

   a)   The government has represented that the discovery associated with this case includes investigative reports and related documents in electronic form, as well as audio and video recordings. All of this discovery has been either produced directly to counsel and/or made available for inspection and copying.

   b)   Counsel for defendant desires additional time to consult with this client, review the current charges, conduct investigation and research related to the charges, and to review discovery in this matter.

   c)   Counsel for defendant believes that failure to grant the above-requested continuance would deny him/her the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

   d)   The government does not object to the continuance.

   e)   In addition to the public health concerns cited by General Order 611 and presented by the evolving COVID-19 pandemic, an ends-of-justice delay is particularly apt in this case because:

   - The change of plea hearing involves individuals with high-risk factors, such as age and medical conditions;
   - Counsel or other relevant individuals have been encouraged to telework and minimize personal contact to the greatest extent possible. It will be difficult to avoid personal contact should the hearing proceed.

   f)   Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

   g)   For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161,

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

3

et seq., within which trial must commence, the time period of April 13, 2020 to June 23, 2020, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

5. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated:  March 27, 2020                               MCGREGOR W. SCOTT
                                                     United States Attorney

                                                     /s/ VINCENZA RABENN
                                                     VINCENZA RABENN
                                                     Assistant United States Attorney

Dated:  April 15, 2020                               /s/ Percy Martinez
                                                     Percy Martinez
                                                     Counsel for Defendant
                                                     ARTEMIO AVILA

Dated:  April 15, 2020                               /s/ Peter M. Jones
                                                     Peter M. Jones
                                                     Counsel for Defendant
                                                     MIGUEL VILLA VALLE

**FINDINGS AND ORDER**

Pursuant to the parties' stipulation and good cause shown, IT IS HEREBY ORDERED that the change-of-plea hearing currently set for May 26, 2020, is hereby continued to June 22, 2020, at 10:00 a.m. in Courtroom 5.  The time period of the date of this order to June 22, 2020[1], inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

IT IS SO ORDERED.

Dated:   **April 16, 2020**        _____
                                    UNITED STATES DISTRICT JUDGE

---

[1]  The parties' stipulation refers to June 23, 2020, however the court's criminal calendar that week is scheduled for June 22, 2020 and the order has been corrected to reflect that accurate hearing date.